Filed 2/25/25  P. v. Hernandez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>IVAN MORENO HERNANDEZ,<br><br>     Defendant and Appellant. | 2d Crim. No. B333418<br>(Super. Ct. No. 1226495)<br>(Santa Barbara County) |

Ivan Moreno Hernandez appeals the trial court's resentencing judgment following a recall hearing to correct an unauthorized sentence.  (Pen. Code, § 1172.1.)[1]  We reject Hernandez's claim of the ineffective assistance of counsel at the resentencing hearing, and affirm.

*FACTS AND PROCEDURAL HISTORY*

On February 17, 2007, Carlos Gomez was working as a security guard at a dance for teenagers at a church in Santa

_____

[1]All statutory references are to the Penal Code unless stated otherwise.

Maria.  Gomez noticed Hernandez and other young men standing near the church entrance.  When Gomez asked the men to move away, Hernandez responded, "viva la raza."  He wore a football jersey with the number "13" on the front and "Southside" on the back.

Gomez soon heard a noise that sounded like firecrackers.  Hernandez ran toward the front of the church and shot at people standing in line for the dance.  He shouted a gang slogan and walked away.  Hernandez entered a vehicle that left the church parking lot.  Gomez copied the license plate number of the vehicle.

Hernandez wounded two people in the shooting.  One sustained a gunshot wound to his left arm, the other a gunshot wound through his left arm and into his chest.

Several hours later, a Santa Maria police officer attempted to effect a traffic stop on Hernandez.  Hernandez drove away, then stopped his vehicle, and fled on foot.  The officer found Hernandez lying beneath a parked vehicle.

A jury convicted Hernandez of two counts of attempted premeditated murder and one count of felony evasion.  (§§ 664, 187, subd. (a); Veh. Code, § 2800.2, subd. (a).) The jury also found that Hernandez personally used and discharged a firearm causing great bodily injury and that the offenses were committed to benefit a criminal street gang.  (§§ 12022.53, subds. (b)-(d), 186.22, subd. (b).)

On June 9, 2008, the trial court sentenced Hernandez to two consecutive indeterminate terms of 40 years to life for the attempted murder convictions and a determinate sentence of one-third the two-year midterm for the felony evasion conviction, the

latter to be served concurrently. Hernandez's total sentence was 80 years to life.

Hernandez appealed. We rejected his claim of imposition of cruel or unusual punishment, among other claims, and affirmed. (*People v. Hernandez* (Aug. 13, 2009, B208911) [nonpub. opn.].)

Approximately 13 years later, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court stating that a full determinate term was required to be imposed on the felony evasion conviction. The CDCR letter triggered a full resentencing hearing. (§ 1172.1.)

On September 20, 2023, the trial court held a resentencing hearing. Hernandez requested that the court reduce his sentence and suggested several options. Specifically, Hernandez asked the court to impose concurrent sentences on the two attempted murder convictions, strike the 25-year-to-life firearm enhancements, or reduce each firearm enhancement to a term of seven years (by separate firearm and great bodily injury enhancements).

Following argument by the parties, the trial court corrected the felony evasion sentence to a 16-month lower term, but declined to reduce Hernandez's sentence otherwise. The court relied upon the nature of Hernandez's crimes as well as his violent misconduct in prison. In ruling, the court stated that it considered section 1385 and the changes in the law regarding discretion to strike the section 12022.53 firearm enhancement. The court commented that the attempted murder counts were separate acts of violence, Hernandez was an active criminal street gang member, and he was not a youth at the time of the crimes.

3

Hernandez appeals and contends that he received the ineffective assistance of counsel because his attorney did not suggest additional means of reducing his sentence.

*DISCUSSION*

Hernandez argues that his counsel was ineffective because he did not request the trial court to impose a term of 10 or 20 years (instead of the 25 years imposed) pursuant to the firearm enhancement of section 12022.53, subdivisions (b) and (c). (*People v. Tirado* (2022) 12 Cal.5th 688, 700 ["When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)"].) Hernandez adds that counsel did not seek the strike of the premeditation allegation pursuant to section 1385, subdivision (a).

An ineffective assistance of counsel claim has two elements: a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693] (*Strickland*); *In re Tellez* (2024) 17 Cal.5th 77, 88.) A reviewing court may analyze an ineffective assistance of counsel claim with either element. (*Strickland*, at p. 697 [80 L.Ed.2d 674, 699]; *Tellez*, at p. 88.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Strickland*, at p. 697 [80 L.Ed.2d 674, 699].) To satisfy the prejudice prong, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

4

would have been different." (*Id.* at p. 694 [80 L.Ed.2d 674, 698]; *Tellez*, at p. 88.)

The standard for assessing ineffective assistance of counsel pursuant to *Strickland* applies to a claim of deficient performance at a sentencing hearing. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 994-995.) "[A] defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

Here Hernandez's counsel proposed three methods by which the resentencing court could reduce his sentence: impose sentences to be served concurrently for the two attempted murder convictions, strike the 25-years-to-life firearm enhancements, or reduce each firearm enhancement to seven years by imposing a firearm and great bodily injury enhancement pursuant to sections 12022.5 (four years) and 12022.7 (three years). Hernandez does not cite authority requiring counsel to propose every possible sentencing mechanism to reduce a sentence. We also presume that the trial court knows and understands the sentencing law and the options available for sentencing. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913-914.)

In any event, it is not reasonably probable that Hernandez would have obtained a lesser sentence if counsel had pointed out additional sentencing options. The trial court refused to strike or reduce the firearm enhancements to seven years and referred to Hernandez's recent misconduct in prison. The court also stated that it had read current law regarding section 1385 and the court's discretion to strike firearm enhancements. The court was

5

familiar with and discussed the facts of the case as well as Hernandez's insufficient rehabilitation.  Moreover, the evidence of premeditation was strong – Hernandez fired his gun repeatedly at people attending a church dance.  It was not reasonably probable, given the court's comments, that it would have struck that finding.

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

6

Von Deroian, Judge

Superior Court County of Santa Barbara

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.